# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | No. 3:03cr333 |
| | : | |
| v. | : | |
| | : | |
| **SHERMAN BOBB,** | : | |
| **Defendant** | : | |

## MEMORANDUM

Before the court for disposition is the defendant's motion for judgment of acquittal, which was filed under Rule 29 of the Federal Rules of Criminal Procedure.[1] The matter has been fully briefed and is ripe for disposition.

**Background**

This case involves a drug trafficking ring centered in Luzerne County Pennsylvania. The government alleges that Defendant Sherman Bobb was the head of this nefarious enterprise. On September 23, 2004, the United States filed a Third Superseding Indictment against defendant charging him with: Count 1, conspiracy regarding distribution and possession with intent to distribute in excess of five

---

[1] Rule 29 of the Federal Rules of Criminal Procedure provides as follows: "A defendant may move for a judgment of acquittal, or renew such a motion, within 7 days after a guilty verdict or after the court discharges the jury, whichever is later, or within any other time the court sets during the 7-day period."

kilograms of cocaine, 1.5 kilograms of cocaine base (crack), heroin, and methylenedioxymethamphetamine (ecstasy), in violation of 21 U.S.C. § 846; Count 2, possession of a firearm in furtherance of a drug trafficking felony, in violation of 18 U.S.C. § 924(c)(1)(A)(I) and 924(c); and Count 3, possession with intent to distribute in excess of five (5) grams of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B), 18 U.S.C. § 2.  (See Doc. 184).

On January 20, 2005, after a seven-day trial, a jury returned a guilty verdict against the defendant with respect to the conspiracy charges involving cocaine and cocaine base (crack), possession of a firearm in furtherance of a drug trafficking crime and possession with intent to distribute in excess of five (5) grams of crack cocaine.  (See Doc. 302).

Defendant now moves for a judgment of acquittal on all the charges under Rule 29 of the Federal Rules of Criminal Procedure.   The matter has been fully briefed. After a careful review, we will deny the defendant's motion.

**Discussion**

The defendant challenges the sufficiency of the evidence with regard to the following counts: 1) Count I, conspiracy; 2) Count II, use or possession of a firearm in furtherance of a drug trafficking felony; 3) Count III, possession with intent to deliver controlled substance found in James Ford's residence; and 4) the drug weight

findings rendered by the jury with respect to Count I.  We find no merit to any of the defendant's contentions.  We shall nonetheless address them below *in seriatim*.

I.  Sufficiency of evidence with regard to Count I, conspiracy

Count I of the indictment charges defendant with conspiracy to distribute and possess with intent to distribute controlled substances, including, cocaine base (crack) and methylenedioxymethamphetamine (ecstasy), in violation of 21 U.S.C. § 846, which provides: "Any person who attempts or conspires to commit any offense defined in the subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."

Defendant's position is that although a single conspiracy is alleged in the indictment, the evidence at trial proved the existence of multiple conspiracies.  The defense argues that even if a common objective can be assumed among certain individuals, the evidence reveals the existence of at least three different conspiracies.[2]  Defendant contends that because a single conspiracy is alleged in the indictment, a variance exists between the indictment and the proof at trial, and he should thus be

---

[2] According to the defendant, these three conspiracies were: 1) Conspiracy between Bobb and Quayce Thompson to sell crack cocaine, heroin and ecstasy; 2) Conspiracy with Danielle Lee and Louis Lee to smuggle powder cocaine from the Carribean to London, England; and 3) Conspiracy between Bobb and various others to whom he sold or fronted crack cocaine.

acquitted.[3] Defendant's arguments are without merit.

The law provides that "When there is a variance between the indictment and the proof at trial *and* when that variance prejudices a substantial right of the defendant, . . . the conviction must be vacated." United States v. Padilla, 982 F.2d 110, 113 (3d Cir. 1990); United States v. Balter, 91 F.3d 427, 441 (3d Cir. 1996). Thus, in order for defendant's argument to be successful, he must establish both a variance and prejudice to a substantial right. He has done neither.

Drug conspiracies that involve multiple suppliers and distributors "operating under the aegis of a common core group can be treated as a single conspiracy." Id. at 114. In the instant case, the core group was headed by Defendant Sherman Bobb. At trial, many witnesses testified that he supplied them drugs to sell.

Some of the witnesses and their testimony include: Dawn Newell sold crack cocaine for the defendant, (N.T. 1/13/05 at 102-103); Amy Sims sold crack cocaine for the defendant, in fact, she made nearly $10,000.00 a day doing so, (id. at 149-50, 225); Shawn Edwards also sold crack cocaine for the defendant, (N.T. 1/12/05 at 29-30, 33-34); Quayce Thompson testified that he and the defendant were in a drug trafficking conspiracy and made more than $20,000 profit per week, (id. at 55-57,

---

[3]Defendant's position, therefore, is not based upon a sufficiency of the evidence, but rather, his position is that a variance exists between the indictment and the proof at trial, therefore, a judgment of acquittal should issue.

107); Christina Singleton was involved in counting money, picking up money and delivering packages of crack cocaine (id. at 159-161); Geovanni Johnson sold crack cocaine for the defendant (id. at 205); as Danielle Lee was another of the defendant's crack dealers (N.T. 1/13/05 at 268-70); Lydia Cooper was involved in the crack distribution, (N.T. 1/18/05 at 147-48); and Julie Gyle testified that she sold crack for the defendant (id. at 68, 74).

The witnesses' testimony at trial established that they were all in a conspiracy with the defendant. The fact that the testimony indicated that some individual sold different drugs or may not have known about other parties of the conspiracy does not render this a case of multiple conspiracies. The law provides that "[t]he government need not prove that each defendant knew all the details, goals, or other participants." Id. at 114. The goal of the conspiracy at issue was the sale of drugs for profit. This crime was established at trial by the testimony of many witnesses. Accordingly, no variance exists.

Even if we had found that a variance existed, the defendant would still need to establish that he was prejudiced by the variance in order for his conviction to be vacated. Padilla, 982 F.2d at 113.

> To show prejudice, a defendant must generally show that
> the indictment either did not sufficiently inform him of the
> charges against him so that he could prepare his defense and

>    not be misled or surprised at trial or that the variance
>    created a danger that the defendant could be prosecuted a
>    second time for the same offense.

Balter, 91 F.3d at 441.  Defendant has not established any prejudice, nor has he even addressed the prejudice issue in his brief.

Accordingly, defendant's first issue is without merit because no variance is found between the indictment and the proof at trial, and moreover, he has not established or alleged any prejudice. [4]

## II.  Sufficiency of evidence with regard to Count II, use or possession of a firearm in furtherance of a drug trafficking felony

Count II of the indictment charges defendant with a violation of 18 U.S.C. § 924(c).  This section criminalizes the possession of a firearm in furtherance of a drug trafficking crime for which a person may be prosecuted in a United States court.  The jury found the defendant guilty of this charge.  (Doc. 302, Verdict at 8).  He now challenges the sufficiency of the government's evidence that he possessed a gun in furtherance of a commission of a crime.

The law provides as follows:

---

[4] Moreover, this type of "variance" argument makes more sense when brought by a defendant who had low level contact with the conspiracy, but is nonetheless held liable as a co-conspirator.  See United States v. Padilla, 982 F.2d 110 (3d Cir. 1990).  In the instant case, the ring-leader of the criminal enterprise raises the issue, rendering the argument even less convincing.

> In reviewing a challenge to the sufficiency of the evidence, we apply a particularly deferential standard of review. The verdict must be sustained if there is substantial evidence to support it. It is not our role to weigh the evidence or to determine the credibility of the witnesses. We must view the evidence in the light most favorable to the Government and sustain the verdict if any rational juror could have found the elements of the crime beyond a reasonable doubt.

United States v. Cartwright, 359 F.3d 281, 285-86 (3d Cir. 2004) (internal quotation marks and citations omitted).

Defendant does not challenge the fact that he was in possession of a firearm. He asserts that his mere possession of the firearm is not sufficient to establish a violation of section 924 (c) and therefore, he should be acquitted of this charge. We disagree with the defendant and find that the evidence established more than mere possession of the firearm.

The law provides that the mere presence of a gun is not sufficient to find a defendant guilty under section 924(c). United States v. Sparrow, 371 F.3d 851, 853 (3d Cir. 2004). The government must present evidence that the gun in the defendant's possession actually furthered the drug trafficking offense. Id. In determining whether a firearm advanced or helped forward a drug trafficking crime the Third Circuit Court of Appeals has held that the following nonexclusive factors are relevant: the type of drug activity that is being conducted; accessibility of the firearm; whether the weapon is stolen; the status of the possession (legitimate or

illegal); whether the gun is loaded; proximity to drugs or drug profits; and the time and circumstances under which the gun is found. Id.

In the instant case, the application of the facts to these factors supports the jury's verdict. Defendant was involved in a longstanding, sometimes violent, drug distribution ring. (See N.T. 1/18/05 at 185-86, 223 (discussing various robberies and a beating that occurred during the conspiracy)). The firearm was accessible to the defendant as it was kept at the residence of Danielle Lee where he stayed at times. At the time the gun was obtained, he lived at Lee's residence for two weeks and kept the gun in his room. (N.T. 1/18/05 at 6 -7). The weapon was an illegal sawed off shotgun that had been acquired through a trade for fifty dollars worth of crack cocaine. (N.T. 1/18/05 at 4). Moreover, the gun was loaded at the time it was found. (N.T. 1/12/05 at 251).

Additionally, Christina Singleton, one of the defendant's girl friends and the mother of his child, testified that she saw defendant with a gun tucked into his waistband, and that he carried it for protection. (N.T. 1/12/05 at 162-63). Although this gun was not the sawed-off shotgun, this testimony is relevant as a factor to determine the manner in which the defendant utilized firearms.

All these factors support the jury's conclusion that the firearm was used to further a drug trafficking offense, and we find the defendant's argument is without

merit.

### III. Sufficiency of the Evidence with respect Count III possession with intent to distribute cocaine base (crack)

Count Three of the indictment charges defendant with possession with intent to distribute cocaine base (crack). The elements of this crime are to knowingly possess the controlled substance with intent to distribute. The issue presented by the defendant is whether he can be found to have "possessed" the drugs at issue although they were found at another's residence.

Under the law, "[i]t is well settled that when a defendant is charged with possession of a controlled substance with intent to distribute it in violation of 21 U.S.C. § 841(a)(1), possession can be either actual or constructive. . . . Constructive possession may be shown through either direct or circumstantial evidence." United States v. Martorano, 709 F.2d 863, 866 (3d Cir. 1983).

"The term 'constructive possession' has a precise legal meaning:
A person who, although not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it." United States v. Garth, 188 F.3d 99, 112 (3d Cir. 1999).

The evidence presented at the trial allowed the jury to conclude that although

the defendant was not in actual physical possession of the drugs at issue, he constructively possessed them.

The facts supporting this charge as presented at trial are: On December 22, 2003, law enforcement officers seized more than five (5) grams of cocaine base (crack) from the residence of James Ford. Ford testified that these drugs were contained in a package that defendant had asked him to hold for him. (N.T. 1/18/05 at 124, 126). The package contained crack cocaine, and Ford turned it all over to the authorities from the United States Drug Enforcement Agency when they came to his house to question him. (Id. at 127).[5] During the time that Ford held the drugs, Lydia Cooper, one of the defendant's associates, made three to four trips to the house to pick up some them. (Id. at 129).

Defendant claims that the evidence fails to establish that he had any control over these drugs. When viewed in the light most favorable to the government, we find that while these drugs were found at Ford's residence, the jury could certainly have concluded that defendant possessed them. Ford's testimony establishes that the defendant asked him to hold the drugs for him and defendant's associate, Lydia Cooper, made several trips to the Ford house to retrieve some of the drugs. It can be

---

[5]Ford's testimony indicated that the defendant gave him two packages to hold, one package contained powder cocaine and one package contained crack cocaine. (N.T. 1/18/05 at 126).

inferred that the defendant had not given possession of the drugs to Ford. He was merely holding them until such time as the defendant or his associates retrieved them. Defendant's argument is, therefore, without merit.

IV.  Drug quantities found by the jury

Lastly, in its verdict, the jury found that defendant conspired to distribute in excess of five (5) kilograms of powder cocaine and in excess of 1.5 kilograms of crack cocaine. (Doc. 302, Verdict, p. 5, 11) Defendant argues that these findings are not supported by the evidence. We disagree.

Crack cocaine is sold in a quantity called an "eight ball." (N.T. 1/10/05 at 11). One eight ball weighs 3.5 grams. (Id.). Lydia Cooper testified that she saw thousands of eight balls distributed by Sherman Bobb to his various co-conspirators. (N.T. 1/18/05). One thousand eight balls weigh 3.5 kilograms. The testimony establishes that there were actually "thousands" of eight balls, hence, the jury could properly conclude that the amount of crack cocaine present in the case was in excess of 1.5 kilograms.

With regard to the powder cocaine, the jury found that defendant conspired to distribute in excess of five (5) kilograms. The evidence revealed on one occasion Louis Lee was caught smuggling 3.579 kilograms of powder cocaine for the defendant. (N.T., 1/12/05 at p. 19-20). During her testimony, Danielle Lee testified

11

to another trip where she and her husband, Louis, smuggled about four kilograms of cocaine in two false bottom suitcases. (N.T. 1/18/05 at 32). From this testimony, the jury certainly could have concluded that the defendant conspired to distribute in excess of five (5) kilograms of powder cocaine.

For the above reasons, we reject the defendant's argument that the jury's findings with respect to drug weight were not supported by the evidence.

**Conclusion**

We find no merit to any of the defendant's arguments and will deny his motion for judgment of acquittal. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | No. 3:03cr333 |
| **v.** | : | |
| **SHERMAN BOBB,**  Defendant | : | |

## **ORDER**

**AND NOW**, to wit, this 16th day of November 2005, Defendant Sherman Bobb's motion for judgment of acquittal (Doc. 309) is hereby **DENIED**.

BY THE COURT:

s/ James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court