**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES** | No. 3:03cr333-2 |
| **OF AMERICA** | No. 3:08cv224 |
|   | (Judge Munley) |
| v. |   |
| **SHERMAN BOBB,** |   |
| **Defendant** |   |

## MEMORANDUM

Before the court for disposition is Defendant Sherman Bobb's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The matter has been fully briefed and is ripe for disposition.

**Background**

A federal grand jury in Scranton, Pennsylvania returned a three-count "Third Superseding Indictment" against Defendant Bobb and seven others on September 23, 2004. (Doc. 184). The indictment charged as follows: Count 1- conspiracy to distribute and possess with intent to distribute five (5) kilograms or more of cocaine, one and a half (1.5) kilograms or more of cocaine base (crack), heroin, and methylenedioxymethamphetamine (ecstasy) in violation of 21 U.S.C. § 846; Count 2- possession of firearms, including but not limited to a short-barreled shotgun during, in relation to, or in furtherance of a drug trafficking felony in violation of 18 U.S.C. § 924; Count 3- possession with intent to distribute in excess of five (5) grams of cocaine base (crack) on December 22, 2003, in violation of 21 U.S.C. § 841(a)(1). (Id.) Count one was directed at all the defendants. Count two was directed at Defendant Bobb and Defendant Danielle Lee, and the third count was directed at Defendant Bobb alone.

After a seven-day trial held in January 2005, a jury convicted

Defendant Bobb on all three counts. (Doc. 302). The jury specifically found, with regard to Count 1, that defendant conspired to distribute at least one and a half (1.5) kilograms of cocaine base (crack) and at least five (5) kilograms of cocaine. (Doc. 302, Jury Verdict). With regard to Count 2, the jury found that defendant possessed a short-barrel shotgun. (Id.). Finally, with regard to Count 3, the jury found that defendant possessed with intent to distribute at least five (5) grams but less than twenty (20) grams of cocaine base (crack). Id.

The court sentenced defendant on November 18, 2005 to total of 360 months in prison.[1] (Doc. 401, Judgment). Defendant appealed to the Third Circuit Court of Appeals, which affirmed this court's judgment and commitment on December 28, 2006. (Doc. 430). Defendant then filed the instant motion on February 4, 2008. The defendant's motion raises six issues, which we will address in turn.

**Discussion**

**I. Ineffectiveness of counsel - Duplicity, Multiplicity and bill of particulars**

The first ground that defendant raises in his motion is that counsel was ineffective for failing to object to "Duplicity and Multiplicity" in Counts 1, 2 and 3 and for failing to move for a bill of particulars. We will discuss these issues separately after discussing the general law with respect to effectiveness of counsel.

The United States Supreme Court has found that "'the right to

---

[1]The 360 months represents concurrent sentences of 240 months in prison on Counts 1 and 3 and 120 months in prison on Count 2 to be served consecutively to the sentences imposed on Counts 1 and 3. (Doc. 401, Judgment).

2

counsel is the right to the effective assistance of counsel.'" Strickland v. Washington, 466 U.S. 668, 686 (1984) (quoting McMann v. Richardson, 397 U.S. 759, 771, n.14 (1970)). Counsel is ineffective when "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id. In order to prove that his counsel was deficient at trial or sentencing, a defendant must convince a court of two factors: "[f]irst, the defendant must show that counsel's performance was deficient[,] . . that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. Substandard lawyering is not enough to obtain relief, however: "[s]econd, the defendant must show that the deficient performance prejudiced the defense" by demonstrating that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. Relief is only available to defendants who make "both showings." Id. In sentencing, "prejudice exists where the deficient performance affected a defendant's sentence." United States v. Hankerson, 496 F.3d 303, 310 (3d Cir. 2007).

### A. Duplicity

Duplicity is the improper joinder in a single count of two or more distinct and separate offenses. United States v. Haddy, 134 F.3d 542, 547 (3d Cir. 1998). In the instant case, the defendant argues that the third superceding indictment improperly joins multiple distinct and separate offenses in one count. A review of the indictment, however, reveals that defendant's position is without merit. As set forth above, each count charges a separate crime. The crime charged in Count I of the indictment

conspiracy to distribute and possession with intent to distribute cocaine base (crack); heroin and methylenedioxymethamphetamine (ecstasy). (Doc. 184, 1-2). Count II deals with the crime of possessing firearms in relation to a drug trafficking felony. (Id. at 3). Count III charges possession with intent to distribute in excess of five grams of cocaine base (crack). (Id. at 4).

Evidently, the defendant argues that Count I of the complaint is duplicitous because it charges him with a conspiracy to distribute not one controlled substance, but several. The Third Circuit Court of Appeals, however, has explained that a count charging a conspiracy to distribute several drugs does not suffer from improper duplicity. United States v. Gomberg, 715 F.2d 843, 845-46 (3d Cir. 1983), (*overruled on other grounds*, Garrett v. United States, 471 U.S. 773 (1985)). The crime in such an instance is conspiracy, and an agreement to commit several crimes is only one conspiracy.[2]  Id. at 846.

Thus, none of the counts join two or more distinct and separate offenses, and defendant's counsel was not ineffective for failing to raise this issue. The defendant's motion on this point will be denied.

**B. Multiplicity**

"Multiplicity is the charging of the same offense in two or more counts

---

[2]Regardless, the problem with duplicitous indictments is that if the jury is provided a general verdict, the verdict does not reveal which crime or crimes the jury convicted the defendant of. Gomberg, 715 F.2d at 845. In the instant case, the jury was not provided a general verdict, but specific jury interrogatories and they made specific findings with respect to each crime. For example, the jury found that the conspiracy charged in Count I involved cocaine, crack and ecstasy but not heroin. (Doc. 302, Verdict at 1-7).

of an indictment or information." <u>United States v. Stanfa</u>, 685 F.2d 85, 87 (3d Cir.1982).

The Third Circuit Court of Appeals has further explained:

> Multiplicity, the charging of a single offense in different counts of an indictment, has the vice that it may lead to multiple sentences for a single violation. And even if that does not result, it may prejudice the jury against the defendant by creating the impression of more criminal activity on his part than in fact may have been present.

<u>United States v. Carter</u>, 576 F.2d 1061, 1064 (3d Cir.1978).

In the instant case, defendant argues that Counts 1 and 3 of the indictment charge the same offensive. Defendant's argument lacks merit. As explained above, Count 1 of the complaint is a drug conspiracy count. Count 3 of the complaint charges actual possession of the drugs, not a conspiracy. Therefore, the two crimes are different and the indictment contains no improper multiplicity. Defendant's counsel was not ineffective for failing to raise this issue, and defendant's motion based on this ground will be denied.

**C. Bill of Particulars**

Defendant next argues that his trial counsel was ineffective for not moving for a bill of particulars. Count 2 of the indictment charges the defendant with possessing a firearm in relation to a drug trafficking felony. The indictment charges defendant with possession of, "including but not limited to," a short-barreled shotgun. Defendant asserts that he has the right to know what gun - or guns - serves as the basis for the indictment, and this indictment does not provide that information. We are unconvinced.

The law provides that:

> The purpose of the bill of particulars is to inform the

> defendant of the nature of the charges brought against him to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense. A bill of particulars should fulfill this function when the indictment itself is too vague and indefinite for such purposes.

United States v. Addonizio, 451 F.2d 49, 63-64 (3d Cir. 1971) (internal quotation marks and citations omitted).

The sole gun involved in the action was a short barreled shotgun and that is the weapon that the jury found defendant guilty of possessing. (Doc. 302, Verdict, Question No. 2.1). Because the indictment charges defendant with the possession of a short barreled shotgun, the prosecution presented evidence regarding that shotgun and the jury found that defendant possessed that gun, we find that the indictment was sufficient to inform the defendant of the nature of the charges against him to adequately prepare his defense, and that the indictment was not too vague or indefinite for such a purpose. Defendant's counsel, therefore, was not ineffective for failing to move for a bill of particulars, and this claim of the section 2255 motion will be denied.

## II. Jury charge on lesser-included offense

Next, the defendant argues that the court committed error by not charging on the lesser included offense in counts 1 and 3. Defendant argues that "simple possession" of the drugs is a lesser included offense in these counts dealing with possession with intent to distribute.

The law provides that a lesser included offense instruction should be given "if the evidence would permit a jury rationally to find [a defendant] guilty of the lesser offense and acquit him of the greater." Hopper v. Evans, 456 U.S. 605, 612 (1982).

In the instant case, no evidence was submitted that the defendant

6

possessed the drugs at issue for personal use. Rather, the evidence pointed to a drug trafficking conspiracy and not personal use. In fact, when he testified, defendant indicated that he had no knowledge of the drug transactions and did not know many of the witnesses against him or had only met them in prison after he had been arrested. (See generally Doc. 342, Notes of Defendant Sherman Bobb's Testimony). Thus, there was no evidence on which the jury could have rationally decided that defendant was guilty of the lesser included offense. Relief based upon this ground will thus be denied.

In discussing this claim for relief, defendant also raises an issue regarding a lack of forensic evidence as to the weight of the drugs in Count 1. This issue lacks merit. On appeal the Third Circuit found that evidence supported the weight of the drugs found by the jury. United States v. Sherman Bobb, 471 F.3d 491, 496 (3d Cir. 2006). As the Third Circuit has already dealt with this issue, we need not address it.

**III. Jury instruction on co-defendants' testimony**

The next claim raised by the defendant is that counsel was ineffective in failing to object to language in the charge regarding co-defendant's testimony.

Defendant complains of the following charge:

> The government in this case called a number of witnesses who were accomplices alleged accomplices in this - - in this case. You heard witnesses who testified that they were actually involved in planning and carrying out the crimes charged in the indictment. There's been a great deal said about these so-called accomplice witnesses. That's what an accomplice witness is, is someone who testified that they were actually involved in planning and carrying out the crime.

(Doc. 472, Defendant's Memorandum at 6).

7

Defendant objects to the use of "allleged" and "so-called" with regard to the accomplices. He asserts that their own testimony established that they were accomplices with each other, therefore, the terms "alleged" and "so-called" were not necessary. Further, he argues that the court should have made clear that these witnesses were accomplices, co-conspirators, with each other, but not with the defendant. Defendant's argument lacks merit. The accomplices called to testify at trial were alleged by the government to be co-conspirators with the defendant. It was for the jury to determine if they were or not and thus it would have been error for the court to instruct the jury that they were accomplices with themselves, but not with the defendant. The use of the terms "alleged" and "so-called" was appropriate because as to the defendant at the time the jury was charged, these individuals were merely alleged to be accomplices with the defendant. Thus, this claim in defendant's section 2255 motion will be denied.

**IV. Jury instruction - evidentiary foundation**

Next the defendant asserts that the court erred in its charge with regard to "polluted source." The "polluted source" charge involves instructing the jury that witnesses cooperating with the government might have something to gain by their testimony, i.e. more favorable treatment from the government. Defendant argues that his primary defense was that the government witnesses were corrupt and polluted and the charge given by the court was inadequate.

Defendant's argument is without merit. He raised the issue of the adequacy of this charge on direct appeal and the Third Circuit found the court's instruction on this matter to be sufficient. Bobb, 471 F.3d at 500.

We are without power to overrule the Third Circuit's holding. Accordingly, defendant's argument is without merit.

## V. Motion for aquittal, Fifth Amendment Due Process

Next defendant asserts that this court erred in denying his "Motion for Aquittal" he asserts there was no evidence to support his convictions on direct appeal. The Third Circuit addressed the issue of sufficiency of the evidence to support defendant's convictions. The appellate court found that the verdict was supported by substantial evidence. Bobb, 471 F.3d at 494-97. Thus, Bobb's argument is without merit and relief based on this ground will be denied.

## VI. Actual Innocence

Finally, defendant argues that he is actually innocent of Count II, possession of a firearm in furtherance of a drug trafficking conspiracy, 18 U.S.C. § 924(c). He asserts that he was convicted of this charge due to a co-defendant trading drugs for a guns. He cites a recent United State Supreme Court case for the proposition that "trading" guns for drugs is not "use" of a gun for conviction under § 924(c). Defendant's argument is without merit. Watson is distinguishable from this case as it dealt with "use" of a gun in a drug trafficking felony and defendant was convicted of "possession" of a firearm in furtherance of a drug trafficking crime.

Moreover, as pointed out by the Third Circuit in defendant's direct appeal, the gun was involved in the case as more than a "trade" for drugs. See Bobb, 471 F.3d at 496-97.[3] Thus relief will be denied to the defendant

---

[3] The Third Circuit explained:
> The jury specifically found that Mr. Bobb possessed and controlled the gun that was found loaded in an

9

on this ground.

**Conclusion**

For the reasons set forth above with respect to each of defendant's claims, defendant's motion pursuant to 28 U.S.C. § 2255 will be denied. An appropriate order follows.

---

> easily accessible location at the residence where Mr. Bobb stayed. The testimony also establishes that, during the time period when Mr. Bobb possessed the gun, he was involved in drug trafficking activities that generated thousands of dollars in proceeds and provoked at least one assault. In addition, at least three of Mr. Bobb's co-conspirators had been robbed of drugs and/or money, and at least one co-conspirator admitted that while distributing drugs with Mr. Bobb, he possessed several firearms to protect himself. Finally, the gun in question was an illegal, sawed-off shotgun, obtained in exchange for crack cocaine. Thus, a rational trier of fact could reasonably find that Mr. Bobb's possession of the firearm furthered, advanced or facilitated his drug trafficking activities.

Bobb, 471 F.3d at 496-97.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES**<br>**OF AMERICA**<br><br>v.<br><br>**SHERMAN BOBB,**<br>            **Defendant** | : No. 3:03cr333-2<br>: No. 3:08cv224<br>: **(Judge Munley)**<br>:<br>:<br>:<br>: |

## ORDER

    **AND NOW**, to wit, this 12th day of December 2008, Defendant Sherman Bobb's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence is hereby **DENIED**.  Further, we decline to issue a certificate of appealability.  A certificate of appealability may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).  Based upon the reasoning set forth in our memorandum, the defendant has not made such a showing.  The Clerk of Court is directed to close case number 3:08cv224.

                                                **BY THE COURT:**

                                                **s/ James M. Munley**
                                                **JUDGE JAMES M. MUNLEY**
                                                **United States District Court**